UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONUTNV FRANCHISING, INC.,

     Plaintiff,

v.                                                    Case No.: 5:26-cv-378-JEP-PRL

PURPLE CIRCLES INC. and
MATTHEW FURMAN,

     Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before this Court on *sua sponte* review of the verified complaint (Doc. 2) and Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Stay Arbitration and Enforce Release, Covenant-Not-to-Sue, Stipulated-Injunction, and Court-Relief Provisions" (Doc. 11). For the following reasons, the complaint will be dismissed without prejudice and the motion for injunctive relief will be denied without prejudice.

## **I.**

Plaintiff DonutNV Franchising, Inc. ("**DonutNV**") brings this action against Defendants Purple Circles Inc. and its owner, Matthew Furman. (Doc. 2, ¶¶ 5–6). Although the parties' underlying business relationship is unclear, this case arises from the purported breach of several contracts. DonutNV and

Furman executed a Franchise Agreement and a General Release,[1] among other documents. (*Id.* ¶¶ 16, 26; Doc. 1-1 at 2–36; Doc. 1-2 at 6–7). Of note, DonutNV alleges that the General Release "bars claims arising out of events occurring through December 21, 2025," (Doc. 2, ¶ 29), "contains covenant-not-to-sue provisions," (*id.* ¶ 30), "provides that the Released Parties have the right to injunctive relief for breach of the General Release and covenant-not-to-sue provisions," (*id.* ¶ 31), and "contains an advancement obligation," (*id.* ¶ 33).

DonutNV alleges that, despite these provisions, on May 18, 2026, Purple Circles Inc. initiated arbitration proceedings against DonutNV. (*Id.* ¶¶ 37–38). As a result, DonutNV initiated this action and filed the instant motion for a temporary restraining order and a preliminary injunction. (Doc. 11 at 1–12).

## II.

As an initial matter, this Court is satisfied that it has subject-matter jurisdiction over this action and, accordingly, discharges the June 18, 2026 Show Cause Order (Doc. 12). (*See* Doc. 13 at 1–3). However, upon review, the "Complaint for Interim and Provisional Injunctive Relief, Declaratory Relief, Enforcement of Advancement Obligation, Breach of Contract, and Attorneys' Fees" (Doc. 2) is deficient and will be dismissed without prejudice.

---

[1] DonutNV alleges that Furman "executed the General Release individually and on behalf of any entity through which he or she interacted with DonutNV or any Released Party." (Doc. 2, ¶ 35).

To begin, several of DonutNV's claims are not cognizable causes of action. Count I entitled, "Interim and Provisional Injunctive Relief Under Franchise Agreement § 17.1(c) and the General Releases' Express Stipulation to Entry of Injunction Pending Arbitration or Final Determination of Release Enforcement," and Count IV entitled, "Enforcement of Advancement Obligations," are claims for injunctive relief. (*Id.* at 9, 15). Similarly, in Counts V and VI, DonutNV appears to assert, at least in part, "interim injunctive relief" as a cause of action. (*See id.* at 16, 17). Problematically for DonutNV, "an injunction is not a cause of action but a remedy." *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288 (M.D. Fla. 2009) (collecting cases), *aff'd,* 451 F. App'x 862 (11th Cir. 2012); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004) ("[A] traditional injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed.").

In addition, throughout much of the complaint, DonutNV makes legal arguments and cites legal authority. (Doc. 2 at 3, 9–13, 16–18). In fact, Count I essentially reflects a motion for injunctive relief. (*Id.* at 9–12). A complaint should not include "scattered legal arguments, legal standards, legal conclusions," or "citations to legal authorities" in the factual allegations,

3

*Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018),[2] and the counts should specify only the "source of law and/or . . . legal theory upon which [Plaintiffs assert] liability," *Gibbons v. McBride*, No. CV 114-056, 2014 WL 5460593, at *4 (S.D. Ga. Oct. 27, 2014); *see also Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint." (citation omitted)).

Because of these defects, DonutNV will be directed to file an amended complaint, and "[this] Court will not entertain the extreme remedy of a TRO [or preliminary injunction] for a case whose operative pleading is on its face deficient." *KOVA Com. of Naples, LLC v. Sabin*, No. 2:23-cv-614-JES, 2023 WL 5334550, at *2 (M.D. Fla. Aug. 18, 2023) (denying motion for temporary restraining order because the complaint was a shotgun pleading); *Scott v. City of Daytona Beach Florida*, No. 6:22-cv-2192-WWB, 2023 WL 1765652, at *1–2 (M.D. Fla. Feb. 3, 2023) (dismissing complaint without prejudice as a shotgun pleading and denying motion for preliminary injunction without prejudice); *Raja v. Englewood Cmty. Hosp., Inc.*, No. 8:12-cv-2083-JDW, 2013 WL

---

[2] This Court does not rely on unpublished Eleventh Circuit opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

12157136, at *1–2 (M.D. Fla. Apr. 9, 2013) (striking complaint as a shotgun pleading and denying motion for preliminary injunction as moot).

Accordingly, this Court will deny the motion for injunctive relief without prejudice, but it notes that the motion suffers from several deficiencies on its own. As an initial matter, like the complaint, it does not comply with Local Rule 1.08. *See* M.D. Fla. R. 1.08 (outlining typeface requirements); (Doc. 11 at 1–12; Doc. 2 at 1–21). And to the extent DonutNV seeks a preliminary injunction, it does not attach "each paper on which [it] relies." M.D. Fla. R. 6.02(a)(2).[3] In addition, the motion lacks an adequate legal memorandum as required by Local Rules 3.01(b), 6.01(a)(5) and (b), and 6.02(a)(1). Although DonutNV recites general principles governing injunctive relief, it does not cite any legal authority or any portions of the record in its cursory argument section.[4] (*See* Doc. 11 at 6–11). It is DonutNV's duty, not this Court's, to provide the legal basis for the relief it seeks.

---

[3] DonutNV captions the motion as one for a temporary restraining order *and* for a preliminary injunction. (Doc. 11 at 1).

[4] When arguing that it is likely to succeed on the merits, DonutNV also fails to identify which of the seven claims it purports are likely to succeed. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance."); *Cheque Fin., LLC v. Evolve Bank & Tr., Inc.*, No. 1:25-CV-2350-MHC, 2025 WL 2626118, at *2 (N.D. Ga. May 7, 2025) ("Although [Plaintiff] contends it 'will prevail on the merits' of 'its claims that [Defendant] wrongfully carried out the Fraudulent Reversals,' [Plaintiff] does not identify which claims those are."), *reconsideration denied,* 2025 WL 2626119 (N.D. Ga. May 20, 2025). This is especially problematic in this case where several of DonutNV's claims are not cognizable claims.

5

In light of the foregoing, it is **ORDERED** that:

1.    This Court's June 18, 2026 Show Cause Order (Doc. 12) is **DISCHARGED**.

2.    Plaintiff's "Complaint for Interim and Provisional Injunctive Relief, Declaratory Relief, Enforcement of Advancement Obligation, Breach of Contract, and Attorneys' Fees" (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

3.    On or before **July 6, 2026**, Plaintiff shall file an amended complaint in compliance with this Order and all Federal Rules of Civil Procedure and Local Rules.

4.    Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Stay Arbitration and Enforce Release, Covenant-Not-to-Sue, Stipulated-Injunction, and Court-Relief Provisions" (Doc. 11) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Jacksonville, Florida on June 22, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

6