**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DONUTNV FRANCHISING, INC.,

    Plaintiff,

v.                             Case No.: 5:26-cv-00378-JEP-PRL

PURPLE CIRCLES INC. and
MATTHEW S. FURMAN,

    Defendants.

_____/

**AMENDED VERIFIED COMPLAINT FOR DECLARATORY**

**JUDGMENT, BREACH OF CONTRACT, AND ATTORNEYS' FEES**

**(Declaratory Relief Requested; Preliminary and Permanent**

**Injunctive Relief Requested as Remedies; Demand for Jury Trial)**

Plaintiff DonutNV Franchising, Inc. ("DonutNV") sues Defendants Purple Circles Inc. and Matthew S. Furman and alleges:

**I. Parties**

1. DonutNV is a Florida corporation with its principal place of business in Clermont, Lake County, Florida.

2. Defendant Purple Circles Inc. is a Colorado corporation with its principal place of business in Colorado.

3. Matthew S. Furman is a natural person domiciled in Colorado and is a citizen of Colorado.

4. Purple Circles Inc. is a citizen of Colorado for diversity purposes.

5. DonutNV is not a citizen of Colorado.

6. Purple Circles Inc. and Matthew S. Furman are referred to collectively as the "Purple Circles Defendants."

## II. Jurisdiction and Venue

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because DonutNV is a citizen of Florida, the Purple Circles Defendants are citizens of Colorado, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. The amount in controversy exceeds $75,000 because the relief sought includes enforcement of release and covenant-not-to-sue obligations, enforcement of advancement obligations, protection of bargained-for individual-action and non-aggregated proceeding rights, damages, attorneys' fees, costs, and other contract-based relief.

9. Venue is proper in this District and Division because DonutNV's headquarters are located in Clermont, Lake County, Florida, and the Franchise Agreement provides for judicial proceedings in the federal district where DonutNV's headquarters are located, or, if federal jurisdiction is unavailable, in the state court of the county where DonutNV's headquarters are located. Ex. A § 17.5.

10. This Court has personal jurisdiction over the Purple Circles Defendants under the parties' agreements, including forum and venue provisions tied to DonutNV's headquarters. Ex. A § 17.5.

### III. General Allegations

11. DonutNV is the franchisor of the DonutNV franchise system.

12. Purple Circles Inc. entered the DonutNV franchise system and operated, or was affiliated with the operation of, a DonutNV franchised business.

13. The Purple Circles Defendants executed franchise-related agreements with DonutNV, including a Franchise Agreement, a Development Rights Rider or related development documents, an Addendum to Franchise Agreement and Development Rights Rider, a General Release, guaranties, and related franchise documents. True and correct copies of the Franchise Agreement and the Addendum/General Release are attached as Exhibits A and B.

14. The Franchise Agreement requires the Purple Circles Defendants to comply with DonutNV's system standards, brand standards, reporting obligations, confidentiality obligations, dispute-resolution obligations, individual-action requirements, class-waiver provisions, damages-waiver provisions, fee provisions, and other continuing contractual duties. Ex. A.

15. The Franchise Agreement contains an arbitration provision that is expressly subject to contractual carveouts, including the carveout permitting interim or provisional injunctive relief in court. Ex. A §§ 17.1(a), 17.1(c).

16. Section 17.1(c) of the Franchise Agreement permits either party, without waiving any remedy or right to arbitrate, to seek interim or provisional injunctive relief from a court having jurisdiction. Ex. A § 17.1(c).

17. The Franchise Agreement requires non-arbitrable legal proceedings to be brought in the United States District Court for the district in which DonutNV's headquarters are then located, or, absent federal jurisdiction, in the state court of record for the county in which DonutNV's headquarters are then located. Ex. A § 17.5.

18. The Franchise Agreement requires claims to be arbitrated, litigated, or otherwise resolved on an individual basis and waives any right to act on a class-wide, group, collective, representative, consolidated, or similar non-individual basis. Ex. A.

19. The Franchise Agreement contains damages-limitation provisions and provisions requiring the losing party in a legal proceeding, including arbitration, to pay the prevailing party's attorneys' fees, court costs, and other expenses. Ex. A.

20. The Franchise Agreement is governed by Florida law, subject to applicable state law. Ex. A § 18.8.

21. On or about December 21, 2025, Matthew S. Furman executed a written General Release in favor of DonutNV. Ex. B.

22. The General Release was executed in connection with an Addendum to Franchise Agreement and Development Rights Rider. Ex. B.

23. The General Release was supported by good and valuable consideration, including development-related concessions and other consideration exchanged in connection with the Addendum and related documents. Ex. B.

24. The General Release released DonutNV, its affiliates, and their respective directors, officers, shareholders, employees, franchise sellers, and agents from claims based upon or arising out of events occurring through the date of the General Release, including claims arising out of or relating to the Franchise Agreement. Ex. B § 1.

25. The General Release contains covenant-not-to-sue provisions prohibiting the Releasors, on behalf of all Releasing Parties, from initiating, prosecuting, encouraging, assisting, or, except as required by law, participating in proceedings against DonutNV or any Released Party with respect to released claims. Ex. B § 2.

26. The General Release provides that the Released Parties have the right to injunctive relief for breach of the General Release and covenant-not-to-sue provisions. Ex. B § 2.

27. The General Release provides that the Releasing Parties irrevocably agree to entry of an injunction dismissing claims or counterclaims brought in contradiction to or breach of the General Release and covenant-not-to-sue provisions. Ex. B § 2.

28. The General Release contains an advancement obligation requiring the undersigned Releasors, upon demand, to pay the Released Parties $25,000 as partial satisfaction of expenses incurred or likely to be incurred in evaluating and responding to released claims or threatened released claims. Ex. B § 3.

29. Matthew S. Furman is the undersigned Releasor under the General Release. Ex. B at signature page.

30. Matthew S. Furman executed the General Release individually and on behalf of any entity through which he interacted with DonutNV or any Released Party, including Purple Circles Inc. Ex. B at signature page.

31. Alex Gingold and Amanda Gingold are Released Parties under the General Release. Ex. B § 1.

32. On or about May 18, 2026, Purple Circles Inc. and other current or former franchisee-affiliated entities filed or joined a demand for arbitration with the American Arbitration Association titled Crawford Sales & Marketing, LLC, et al. v. DonutNV Franchising, Inc., Alex Gingold, and Amanda Gingold, AAA Case No. 01-26-0001-7533. A true and correct copy of the arbitration demand is attached as Exhibit C.

33. The arbitration demand names DonutNV, Alex Gingold, and Amanda Gingold as respondents. Ex. C.

34. The arbitration demand asserts or purports to assert claims arising from the offer, sale, operation, performance, support, termination, and alleged damages associated with DonutNV franchises. Ex. C.

35. The arbitration demand seeks monetary and other relief against DonutNV and the other Released Parties. Ex. C.

36. The arbitration demand includes claims, allegations, theories, or requested relief based upon or arising out of events occurring before December 21, 2025. Ex. C.

37. The arbitration demand was filed as a single multi-claimant proceeding involving numerous claimant entities and related owners or guarantors. Ex. C.

38. The AAA has issued administrative correspondence and set administrative deadlines in connection with AAA Case No. 01-26-0001-7533. True and correct copies of relevant AAA administrative materials are attached as Exhibit D.

39. DonutNV has not agreed to arbitrate the Purple Circles Defendants' claims on a class, collective, representative, consolidated, mass, bellwether, coordinated, joint, grouped, or other non-individual basis. Ex. A.

40. DonutNV disputes that the Purple Circles Defendants may use the arbitration demand to assert released claims, to evade the General Release, to breach the covenant not to sue, to avoid advancement obligations, or to proceed in a non-individual format without DonutNV's agreement.

41. The pendency and advancement of released and non-individual claims in the AAA proceeding requires DonutNV to incur attorneys' fees, costs, arbitration-related expenses, administrative burdens, franchise-system business disruption, and disclosure-related burdens, including litigation-

disclosure review and updates in connection with franchise disclosure obligations.

42. A present controversy exists between DonutNV and the Purple Circles Defendants concerning the parties' rights and obligations under the Franchise Agreement, the Addendum, the General Release, the covenant-not-to-sue provisions, the advancement obligation, the individual-action requirement, the class-waiver provisions, the damages-limitation provisions, and related contractual provisions.

43. DonutNV has performed or substantially performed its contractual obligations, except to the extent performance was excused or prevented by the Purple Circles Defendants' conduct.

44. DonutNV has incurred and continues to incur attorneys' fees, costs, arbitration-related expenses, disclosure obligations, business disruption, and harm to its contractual and franchise-system rights as a result of the Purple Circles Defendants' conduct.

## COUNT I

## DECLARATORY JUDGMENT

45. DonutNV incorporates paragraphs 1 through 44 as if fully set forth in this count.

46. An actual, present, and justiciable controversy exists between DonutNV and the Purple Circles Defendants concerning the parties' rights and obligations under the Franchise Agreement, the Addendum, the General Release, the

covenant-not-to-sue provisions, the advancement obligation, the individual-action requirement, class-waiver provisions, damages-limitation provisions, and related contractual provisions.

47. DonutNV seeks declarations under 28 U.S.C. § 2201 that the General Release, covenant-not-to-sue provisions, stipulated-injunction provisions, advancement obligation, individual-action requirement, class-waiver provisions, damages-limitation provisions, and court-relief provisions are valid and enforceable according to their terms.

48. DonutNV further seeks a declaration that the Purple Circles Defendants may not assert released claims against DonutNV or any Released Party, may not evade the General Release through Purple Circles Inc., and may not proceed against DonutNV in a class, collective, representative, consolidated, mass, bellwether, coordinated, joint, grouped, or other non-individual format without DonutNV's contractual consent.

## COUNT II

## BREACH OF GENERAL RELEASE AND COVENANT NOT TO SUE

49. DonutNV incorporates paragraphs 1 through 48 as if fully set forth in this count.

50. The General Release is a valid and enforceable written contract. Ex. B.

51. The General Release released claims against DonutNV and other Released Parties and contains covenant-not-to-sue provisions. Ex. B §§ 1-2.

52. The Purple Circles Defendants breached the General Release and covenant-not-to-sue provisions by asserting, prosecuting, assisting, participating in, or seeking relief based on released claims against DonutNV and other Released Parties in the AAA proceeding.

53. DonutNV has been damaged by the breaches and is entitled to contractual, declaratory, injunctive, and other relief.

## COUNT III

## BREACH OF ADVANCEMENT OBLIGATION

54. DonutNV incorporates paragraphs 1 through 44 as if fully set forth in this count.

55. The General Release contains an advancement obligation requiring the undersigned Releasors, upon demand, to pay the Released Parties $25,000 as partial satisfaction of expenses incurred or likely to be incurred in evaluating and responding to released claims or threatened released claims. Ex. B § 3.

56. The advancement obligation was triggered by the assertion, prosecution, assistance, participation, or threatened prosecution of released claims against DonutNV and other Released Parties in the AAA proceeding.

57. Matthew S. Furman has failed to satisfy the advancement obligation.

58. DonutNV has been damaged and is entitled to advancement, damages, attorneys' fees, costs, interest, and other relief.

## COUNT IV

## BREACH OF FRANCHISE AGREEMENT

59. DonutNV incorporates paragraphs 1 through 44 as if fully set forth in this count.

60. The Franchise Agreement is a valid and enforceable written contract. Ex. A.

61. The Franchise Agreement contains provisions governing dispute resolution, court relief, individual-action requirements, class-waiver restrictions, damages limitations, attorneys' fees, costs, confidentiality, and other continuing obligations. Ex. A.

62. The Purple Circles Defendants breached the Franchise Agreement by seeking to proceed against DonutNV in a class, collective, representative, consolidated, mass, bellwether, coordinated, joint, grouped, or other non-individual format without DonutNV's contractual consent, and by seeking relief inconsistent with the Franchise Agreement's court-relief and damages-limitation provisions.

63. DonutNV has been damaged and is entitled to contractual, declaratory, injunctive, and other relief.

### Prayer for Relief

WHEREFORE, DonutNV respectfully requests that the Court enter judgment in DonutNV's favor and against the Purple Circles Defendants and:

A. declare that the General Release, covenant-not-to-sue provisions, stipulated-injunction provisions, advancement obligation, individual-

action requirement, class-waiver provisions, damages-limitation provisions, court-relief provisions, and related contractual provisions are valid and enforceable;

B. declare that the Purple Circles Defendants may not assert, prosecute, assist, participate in, or seek relief based on released claims against DonutNV or any Released Party;

C. declare that the Purple Circles Defendants may not evade the General Release by asserting released claims through Purple Circles Inc. or any other entity through which Matthew S. Furman interacted with DonutNV or any Released Party;

D. temporarily, preliminarily, and permanently enjoin the Purple Circles Defendants and persons acting in active concert or participation with them from asserting, prosecuting, assisting, participating in, or seeking relief based on released claims against DonutNV or any Released Party except as required by law;

E. temporarily, preliminarily, and permanently enjoin the Purple Circles Defendants and persons acting in active concert or participation with them from seeking class, collective, representative, consolidated, mass, bellwether, coordinated, joint, grouped, or other non-individual treatment of claims against DonutNV without DonutNV's contractual consent;

F.  declare that the Purple Circles Defendants must proceed, if at all, only on an individual basis absent DonutNV's contractual consent;

G.  declare and enforce, or alternatively preserve, DonutNV's rights under the Franchise Agreement's damages-limitation provisions;

H.  award DonutNV advancement amounts of $25,000;

I.  award damages for breach of the General Release, covenant-not-to-sue provisions, advancement obligation, and Franchise Agreement;

J.  award DonutNV its attorneys' fees, costs, expenses, and interest to the fullest extent permitted by contract and law;

K.  require no bond or only a nominal bond under Rule 65(c) for interim, temporary, preliminary, or permanent injunctive relief; and

L.  award all further relief the Court deems just and proper.

## Demand for Jury Trial

DonutNV demands trial by jury on all issues so triable.

Respectfully submitted,

GROSS LAW GROUP, P.A.
4408 Delwood Lane, Suite 14
Panama City Beach, FL 32408
Tel. 850-749-6055
travis@grosslaw.com
pleadings@grosslaw.com

/s/ Jaryeneh Travis Tarpeh
Jaryeneh Travis Tarpeh, Esq.
Florida Bar No. 1028761
Lead Counsel
Counsel for Plaintiff DonutNV
Franchising, Inc.

**VERIFICATION**

I, Alex Gingold, am an authorized representative of Plaintiff DonutNV

Franchising, Inc. I have reviewed the foregoing Amended Verified Complaint.

The factual allegations stated therein are true and correct to the best of my

personal knowledge and, where based on DonutNV's books, records, contracts,

correspondence, and business information, true and correct to the best of my

knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct

Executed on June 23, 2026.

*Alex Gingold*
_____
Alex Gingold
Authorized Representative
DonutNV Franchising, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23rd, 2026, I electronically filed the

foregoing with the Clerk of Court using CM/ECF.

/s/ Jaryeneh Travis Tarpeh
Jaryeneh Travis Tarpeh, Esq.