# EXHIBIT B

# ADDENDUM TO FRANCHISE AGREEMENT AND

# DEVELOPMENT RIGHTS RIDER

This Addendum to Franchise Agreement and Development Rights Rider (this "Addendum") is made and entered into as of <u>21 December</u>, 2025 (the "Effective Date"), by and between DonutNV Franchising, Inc., a Florida corporation (the "Franchisor"), and Matthew S. Furman, an individual residing at 2570 Brenton Drive, Colorado Springs, Colorado 80918 (the "Franchisee").

WHEREAS, Franchisor and Franchisee entered into that certain Franchise Agreement executed on December 23, 2022 (the "Franchise Agreement"), pursuant to which Franchisee was granted the right to operate a DonutNV franchised business;

WHEREAS, contemporaneously with the Franchise Agreement, the parties entered into a Development Rights Rider (the "Rider"), pursuant to which Franchisee committed to develop and operate an additional DonutNV franchise within designated territories in Colorado Springs, Colorado, including Territory 1 (Colorado Springs, CO 3) and Territory 2 (Colorado Springs, CO 2) (the "Additional Territory");

WHEREAS, under the Rider, Franchisee was required to timely execute an additional franchise agreement and open a second mobile trailer within the applicable development schedule;

WHEREAS, Franchisee was granted a twelve (12) month extension of the development schedule to permit additional time for market development, with an anticipated launch of the second trailer in or about November 2024;

WHEREAS, notwithstanding such extension, Franchisee has failed to make adequate progress toward development of the Additional Territory and is currently in default under the Franchise Agreement and Rider for, among other things, (i) failing to elect a waiver for the Additional Territory and (ii) refusing to forfeit the Additional Territory;

WHEREAS, Franchisee has requested additional relief, and Franchisor is willing, as a one-time, non-precedential accommodation, to provide a limited deferment of certain fees and an opportunity to cure or exit the system, subject to the strict terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the mutual covenants herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. <u>Acknowledgment of Default.</u> Franchisee expressly acknowledges and agrees that Franchisee is presently in default under the Franchise Agreement and the Rider, including without limitation due to Franchisee's failure to properly address development obligations relating to the Additional Territory. Franchisor's execution of this Addendum shall not be deemed a waiver of any default, except as expressly set forth herein.

2. <u>Limited Fee Deferment and Forbearance</u>. Provided that this Addendum is fully executed by all parties no later than December 23, 2025, Franchisor agrees to defer Franchisee's obligation to pay otherwise-due recurring franchise fees (including royalty fees and brand fund contributions) for the period January 1, 2026 through March 31, 2026 (the "Deferment Period"). The sole purpose of the Deferment Period is to allow Franchisee a limited opportunity to sell Franchisee's second trailer. During the Deferment Period, Franchisor agrees to forbear from exercising remedies arising solely from non-payment of the deferred fees. All other obligations under the Franchise Agreement and Rider remain in full force and effect.

3. <u>Conditions Related to Sale of the Trailer</u>. If the trailer is sold to another existing DonutNV franchisee, such transfer shall comply with all transfer requirements under the Franchise Agreement and applicable franchise documents.

If the trailer is sold to a third party outside the DonutNV franchise system:

(a) The buyer must strictly comply with the "Marks" and de-identification provisions of the Franchise Agreement, including the removal of all DonutNV trademarks, trade dress, and branded elements within the timeframes required therein;

(b) All DonutNV-specific donut machines must be removed from the trailer and may only be sold to another DonutNV franchisee approved by Franchisor; and

(c) Franchisee shall provide Franchisor with written proof of debadging and proof of sale or transfer of the donut machines, in form and substance satisfactory to Franchisor.

4. <u>Cure Options Related to Additional Territory</u>. If Franchisee elects to remain in the DonutNV franchise system, Franchisee may cure the existing default only by electing one of the following options, subject to Franchisor's approval where applicable:

(a) Waiver Election. Franchisee elects a waiver for the Additional Territory and resumes payment of all fees associated therewith in accordance with the Franchise Agreement and Rider;

(b) Territory Forfeiture. Franchisee irrevocably forfeits the Additional Territory; or

(c) System Exit. Franchisee elects to exit the DonutNV franchise system entirely, subject to compliance with all post-termination obligations.

5. <u>Final Decision Deadline.</u> If the trailer has not been sold, April 1, 2026 shall be the final date by which Franchisee must elect whether to continue with the system or exit. All documents necessary to implement Franchisee's chosen option must be fully executed by close of business on April 1, 2026. Franchisee's failure to timely comply shall result in the automatic reinstatement of all monthly fees retroactive to January 1, 2026, together with all rights and remedies available to Franchisor under the Franchise Agreement and applicable law. This Addendum reflects a one-time exception. No further deferments, extensions, or accommodations shall be granted absent a separate written agreement signed by Franchisor.

6. General Release. As a condition to the effectiveness of this Addendum, Franchisee shall execute and deliver to Franchisor a General Release, in a form approved by Franchisor, effective as of the Effective Date.

7. Other Terms Unaffected. Except as modified or supplemented by this Addendum, the terms of the Additional Agreement, and all other agreements by and between the parties (including, without limitation, the Original Agreement) are hereby ratified and confirmed, including, without limitation, Franchisee's obligation to pay Franchisor the Royalty Fee and Brand Fund Contribution pursuant to the Additional Agreement and the Rider (except as amended above with respect to the commencement date of the same).

This Addendum shall be governed by and construed in accordance with the laws of the State of Florida as interpreted by the courts of said State, notwithstanding any rules regarding choice of law to the contrary.

Confidential & Non-Presedential. This Notice, and the concessions / waivers contained herein are based on the unique nature of the agreements between the parties and other unique facts. Accordingly, nothing herein shall be precedential or appliable to other parties. Franchisee agrees to maintain strict confidentiality regarding the concessions contained herein and stipulates that a breach of such confidentiality shall constitute a breach of the Franchise Agreement and shall be cause for termination without an opportunity to cure under the applicable Franchise Agreement(s) in addition to all other remedies applicable for a breach of confidentiality.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the parties hereto have duly executed, sealed and delivered this Addendum on the day and year first above written.

**FRANCHISEE:**

Matthew S. Furman

By: _Matthew Furman_

Matthew S. Furman, Individually

12/21/2025

**FRANCHISOR:**

DONUTNV FRANCHISING, INC.

By: _Kristen Seitz_

Name: Kristen Seitz

Title:  Sr. VP of Operation

# GENERAL RELEASE

This General Release ("Release") is executed by the undersigned ("Releasor") in favor of DonutNV Franchising, Inc., a Florida corporation ("DonutNV Franchising").

**Background Statement**: Releasor has interacted with DonutNV Franchising and received certain goods, services and representations and to the extent any exist, wishes to dispose of any outstanding liabilities as further defined herein. This Release is executed for good and valuable consideration, the receipt and sufficiency thereof being hereby acknowledged. This particular Release is a voluntary release not associated with any act required under applicable Franchise Agreement(s) and has been fully negotiated by the parties and jointly drafted thereby.

Releasor(s) voluntarily an irrevocably agree as follows:

**1. Release.** Releasor(s) each jointly and severally (on behalf of itself and its parents, subsidiaries and affiliates and their respective past and present officers, directors, shareholders, managers, members, partners, agents, and employees (collectively, the "Releasing Parties")) hereby releases DonutNV Franchising, its affiliates, and their respective directors, officers, shareholders, employees, franchise sellers, and agents (collectively, the "Released Parties") from any and all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, of whatever nature, known or unknown, which any Releasing Party now has or ever had against any Released Party based upon and/or arising out of events that occurred through the date hereof, including without limitation, anything arising out of the Franchise Agreement (collectively, "Claims").

**2. Covenant Not to Sue.** Releasor (on behalf of all Releasing Parties) covenants not to initiate, prosecute, encourage, assist, or (except as required by law) participate in any civil, criminal, or administrative proceeding or investigation in any court, agency, or other forum, either affirmatively or by way of cross-claim, defense, or counterclaim, against any Released Party with respect to any Claim. Releasing Parties agree that Released Parties shall have the right to injunctive relief for, and Releasing Parties hereby irrevocably agree to entry of injunction dismissing any claims or counterclaims you may bring in contradiction to or breach of this release and covenant not to sue.

**3. Advancement Obligation.** Releasor acknowledges and agrees that if Releasor violates this Release, Releasor will cause the Released Parties immediate economic harm in the form of the Released Parties' time, economic disruption and attorneys' fees in responding to any such lawsuit or claim released hereunder.  Accordingly, should Releasor file suit or counterclaim (in litigation or arbitration) or threaten any of the same, each undersigned Releasor will immediately, upon demand from Released Parties, pay to Released Parties $25,000 as partial, but not full accord and satisfaction of such expenses incurred or likely to be incurred by them in evaluating and responding to such claims or threatened claims.  Such liquidated damages will not preclude or be in lieu of any other actual or consequential damages, or attorneys' fees bore by Releasor hereunder or as a breach hereof.

**4. Representations and Acknowledgments.** Releasor represents and warrants that: (i) Releasor is the sole owner of all Claims, and that no Releasing Party has assigned or transferred, or purported to assign or transfer, to any person or entity, any Claim; (ii) Releasor has full power and authority to sign this Release; and (iii) this Release has been voluntarily and knowingly signed after Releasor has had the opportunity to consult with counsel of Releasor's choice. Releasor acknowledges that the release in Section 1 is a complete defense to any Claim.

**5. Miscellaneous.** If any of the provisions of this Release are held invalid for any reason, the remainder of this Release will not be affected and will remain in full force and effect. In the event of any dispute concerning this Release, the dispute resolution, governing law, and venue provisions of the Franchise Agreement shall apply. Releasor agrees to take any actions and sign any documents that DonutNV Franchising reasonably requests to effectuate the purposes of this Release. This Release contains the entire agreement of the parties concerning the subject matter hereof.

**6. Confidentiality & Non-Disparagement.** Notwithstanding anything to the contrary herein, and in addition to all other benefits conferred by Franchisee to Released Parties, Franchisee promises to maintain strict confidentiality regarding the terms and existence of this agreement and any released Claims and shall reply to any party inquiring that "all claims have been released and resolved in a manner satisfactory to all parties." Franchisee further irrevocably agrees not to make, share, republish or otherwise participate in any derogatory comments, posts, statements or other content disparaging or negative to the brand, its owners, agents, employees, products, other franchisees, other Released Parties or their affiliates. This confidentiality and non-disparagement provision shall survive for not less than 4 years following the end of the original Term of the first Franchise Agreement executed by the Franchisee plus any extension thereof. Any breach of this paragraph shall be cause for immediate suit for damages by the affected Released Parties and Releasor stipulates to the entry of injunctive relief in favor of the affected Released Party which shall order the removal of any violative statement and prohibit further violations in addition to an order requiring Releasor to pay all attorney's fees and other costs incurred in enforcing this provision.

**The undersigned Releasors have had an opportunity to obtain advice of an attorney prior to executing this Release and do so voluntarily without reliance on any representation or statement from any Release Party. The undersigned hereby execute this Release on behalf of themselves individually and any entity through which they have interacted with any Released Party.**

By: _Matthew Furman_ (Signed by: EFB738C1D814480...)
Name: Matthew Furman
Date: 12/21/2025

By: _____
Name: _____
Date: _____