## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

DONUTNV FRANCHISING, INC.,

     Plaintiff,

v.

PURPLE CIRCLES INC. and
MATTHEW S. FURMAN,

     Defendants.

_____/

Case No.: 5:26-cv-00378-JEP-PRL

## PLAINTIFF'S RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO STAY RELEASED AND NON-INDIVIDUAL ARBITRATION CLAIMS AND TO ENFORCE RELEASE, COVENANT-NOT-TO-SUE, STIPULATED-INJUNCTION, COURT-RELIEF, AND INDIVIDUAL-ACTION PROVISIONS

Plaintiff DonutNV Franchising, Inc. ("DonutNV") moves under Federal Rule of Civil Procedure 65, the Federal Arbitration Act, the Declaratory Judgment Act, the parties' written agreements, and Middle District of Florida Local Rules 3.01, 6.01, and 6.02 for a temporary restraining order and preliminary injunction. DonutNV requests an expedited ruling by July 3, 2026, or as soon thereafter as the Court can hear the matter.

## Relief Requested

DonutNV requests an order temporarily restraining and preliminarily enjoining Defendants Purple Circles Inc. and Matthew S. Furman, and persons acting in active concert or participation with them who receive actual notice, from: (1) asserting, prosecuting, advancing, maintaining, assisting, or participating in released claims against DonutNV, Alex Gingold, Amanda Gingold, or any other Released Party in AAA Case No. 01-26-0001-7533; (2) seeking class, collective, representative, consolidated, mass, bellwether, coordinated, joint, grouped, or other non-individual treatment of claims against DonutNV without DonutNV's contractual consent; and (3) asking the AAA or any arbitrator to decide DonutNV's court-preserved requests for interim or provisional injunctive relief, release enforcement, covenant-not-to-sue enforcement, stipulated-injunction rights, advancement rights, individual-action requirements, class-waiver provisions, damages limitations, and related contractual restrictions pending further order of this Court.

## Papers Relied Upon and Exhibit Citations

This motion relies on the Amended Verified Complaint filed contemporaneously with this motion and the exhibits attached to or filed with the Amended Verified Complaint and this motion. DonutNV specifically relies on: Exhibit A, the Franchise Agreement; Exhibit B, the Addendum to Franchise Agreement and Development Rights Rider and General Release; Exhibit C, the AAA Demand dated May 18, 2026; and Exhibit D, AAA administrative and

scheduling materials. DonutNV cites those papers below by exhibit number and, where practical, by section or paragraph.

## Notice

DonutNV is not seeking ex parte relief. No defense counsel has appeared of record in this action. DonutNV is serving the renewed motion papers by email on Andrew P. Bleiman, counsel for the AAA claimants and counsel who represented to chambers that he represents the defendant entity franchisees in the pending AAA arbitration. To the extent the Court sets a hearing, DonutNV will provide prompt notice to Mr. Bleiman and to any counsel who appears of record.

## Background

DonutNV is a Florida corporation headquartered in Clermont, Lake County, Florida. Am. Verified Compl. ¶ 1. The Purple Circles Defendants are citizens of Colorado. Id. ¶¶ 2-5. The Court has discharged the jurisdictional show-cause order after finding subject-matter jurisdiction satisfied. Doc. 14 at 2.

The Purple Circles Defendants executed franchise-related agreements with DonutNV, including a Franchise Agreement and an Addendum/General Release. Am. Verified Compl. ¶¶ 13, 21-22; Exs. A-B.

The Franchise Agreement contains arbitration provisions, but those provisions are expressly limited by the opening phrase "Except as expressly provided in subsections (c) and (d)." Ex. A § 17.1(a). Section 17.1(c) then provides that either party may, "without waiving any remedy or right to arbitrate," seek

interim or provisional injunctive relief from a court having jurisdiction. Ex. A § 17.1(c).

The Franchise Agreement also contains forum, venue, individual-action, class-waiver, damages-limitation, fee, and related provisions. Am. Verified Compl. ¶¶ 17-20; Ex. A.

The General Release released claims through December 21, 2025, contains a covenant not to sue, provides for stipulated injunctive relief, and includes an advancement obligation. Am. Verified Compl. ¶¶ 21-30; Ex. B §§ 1-3.

Matthew S. Furman executed the General Release individually and on behalf of any entity through which he interacted with DonutNV or any Released Party, including Purple Circles Inc. Am. Verified Compl. ¶ 30; Ex. B at signature page.

On or about May 18, 2026, Purple Circles Inc. and numerous other claimant entities filed or joined a multi-claimant AAA demand against DonutNV, Alex Gingold, and Amanda Gingold. Am. Verified Compl. ¶¶ 32-37; Ex. C.

The AAA proceeding is active. AAA administrative materials reflect ongoing administration, scheduling, and threshold issues. Am. Verified Compl. ¶ 38; Ex. D.

DonutNV disputes that the Purple Circles Defendants may assert released claims, breach the covenant not to sue, avoid advancement obligations, or proceed in a non-individual format without DonutNV's agreement. Am. Verified Compl. ¶¶ 39-44; Exs. A-D.

## Legal Standard

A temporary restraining order or preliminary injunction requires a showing of: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent relief; (3) that the threatened injury outweighs any harm the requested injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest. Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005). A motion for injunctive relief must rest on an underlying cause of action. Id. at 1127; Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097-98 (11th Cir. 2004). DonutNV's requested injunctive relief is based on its amended claims for declaratory judgment and breach of contract.

Rule 65 authorizes interim relief to preserve the status quo. Fed. R. Civ. P. 65. The Federal Arbitration Act does not prevent a court from granting interim relief where the parties' agreement preserves court relief and the requested relief protects contractual rights pending final determination of arbitrability or merits issues. Here, the Franchise Agreement expressly preserves interim and provisional court relief. Ex. A § 17.1(c).

## Argument

### I. DonutNV is likely to succeed on its contract and declaratory claims.

DonutNV is likely to succeed on Count I because an actual controversy exists concerning the parties' contractual rights under the Franchise Agreement, Addendum, General Release, covenant-not-to-sue provisions, stipulated-injunction provisions, advancement obligation, individual-action requirement,

class-waiver provisions, damages limitations, and court-relief provisions. Am. Verified Compl. ¶¶ 40, 45-48; Exs. A-B.

DonutNV is likely to succeed on Count II because the General Release is a written agreement supported by consideration, executed by Matthew S. Furman, and extending to claims asserted on behalf of or through entities through which he interacted with DonutNV. Am. Verified Compl. ¶¶ 21-30, 49-53; Ex. B §§ 1-2 and signature page. The AAA Demand asserts claims against DonutNV and Released Parties arising from events that include the pre-release franchise relationship. Am. Verified Compl. ¶¶ 32-37; Ex. C.

DonutNV is likely to succeed on Count III because the General Release contains an express advancement obligation triggered by assertion or threatened assertion of released claims in litigation or arbitration, and the Releasors have not paid the advancement amount. Am. Verified Compl. ¶¶ 28, 54-58; Ex. B § 3.

DonutNV is likely to succeed on Count IV because the Franchise Agreement contains individual-action, class-waiver, damages-limitation, court-relief, and fee provisions, and DonutNV has not consented to class, collective, representative, consolidated, mass, bellwether, coordinated, joint, grouped, or other non-individual treatment of the Purple Circles Defendants' claims. Am. Verified Compl. ¶¶ 14-20, 37-39, 59-63; Ex. A; Ex. C.

Defendants' anticipated delegation argument does not defeat the requested interim relief. Section 17.1(a) is expressly limited by the opening phrase "Except as expressly provided in subsections (c) and (d)," and Section 17.1(c) preserves the

right to seek interim or provisional injunctive relief in court without waiving arbitration. Ex. A §§ 17.1(a), 17.1(c). DonutNV is not asking the Court to decide the merits of any properly arbitrable individual claim. DonutNV asks the Court to preserve court-relief rights and prevent ongoing breach of release, covenant-not-to-sue, advancement, and non-individual proceeding restrictions pending further order.

## II. DonutNV will suffer irreparable harm absent relief.

The harm is not limited to a final arbitration hearing. DonutNV is already being forced to respond to released and non-individual claims in a multi-claimant AAA proceeding; incur attorneys' fees, administrative burdens, and arbitration expenses; brief threshold issues in a forum DonutNV contends lacks authority to decide court-preserved issues; and address franchise-system, disclosure, and business consequences arising from the pendency and advancement of released and aggregated claims. Am. Verified Compl. ¶¶ 38-44; Exs. C-D.

These harms cannot be fully remedied after the fact. DonutNV bargained for release rights, covenant-not-to-sue rights, stipulated-injunction rights, advancement rights, individual-action rights, class-waiver rights, damages-limitation rights, and the right to seek interim and provisional relief in court. Exs. A-B. If the AAA process continues on released and non-individual claims while these court-preserved rights are unresolved, DonutNV loses the benefit of those rights before the Court can determine them.

The need to amend or prepare franchise litigation disclosures, respond to administrative deadlines, and defend against released and aggregated claims in multiple forums confirms the immediacy of the harm. Am. Verified Compl. ¶¶ 41, 44; Exs. C-D. Those business, contractual, and disclosure-related injuries cannot be unwound by a later damages award.

### III. The balance of harms and public interest favor relief.

The requested relief preserves the status quo. It does not prevent the Purple Circles Defendants from pursuing any properly arbitrable individual claim that is not released, barred, or subject to court-preserved interim relief. It only prevents them from advancing released claims, non-individual proceeding demands, and court-preserved contractual issues before the Court can determine those issues.

The public interest favors enforcement of contracts, preservation of bargained-for dispute-resolution procedures, protection of franchise-system contractual rights, and prevention of arbitration procedures to which a party did not agree.

### IV. Security should be waived or nominal.

No security, or alternatively nominal security not exceeding $1,000, is appropriate. The requested relief preserves the status quo and should not cause legally cognizable monetary harm because it restrains only released claims, non-individual proceeding demands, and court-preserved issues pending further order. Fed. R. Civ. P. 65(c).

## Conclusion

DonutNV respectfully requests that the Court grant this renewed motion, enter a temporary restraining order and preliminary injunction, require no bond or only nominal security, set an expedited hearing if necessary, and award all further relief the Court deems just and proper.

## Local Rule 3.01(g) Certificate

Under Local Rule 3.01(g)(1), a motion for injunctive relief is excluded from the conferral requirement. DonutNV nevertheless has provided notice to counsel for the AAA claimants and is serving the renewed motion papers by email on Andrew P. Bleiman, who has represented that he represents the defendant entity franchisees in the AAA arbitration.

Respectfully submitted,

GROSS LAW GROUP, P.A.
4408 Delwood Lane, Suite 14
Panama City Beach, FL 32408
Tel. 850-749-6055
travis@grosslaw.com
pleadings@grosslaw.com

/s/ Jaryeneh Travis Tarpeh
Jaryeneh Travis Tarpeh, Esq.
Florida Bar No. 1028761
Lead Counsel
Counsel for Plaintiff DonutNV
Franchising, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24th, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. A copy is also being served by email on Andrew P. Bleiman at andrew@kfblawfirm.com.

/s/ Jaryeneh Travis Tarpeh
Jaryeneh Travis Tarpeh, Esq.