## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

DONUTNV FRANCHISING, INC.,

*Plaintiff*,

v.

PURPLE CIRCLES INC. and
MATTHEW FURMAN,

**Case No.: 5:26-cv-00378-JEP-PRL**

*Defendants.*

**DEFENDANTS' CORRECTED MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FOR ATTORNEYS' FEES AND MEMORANDUM OF LAW IN SUPPORT[1]**

**THOMAS S. CARGILL, ESQ.**
Florida Bar No. 0061430
tcargill@shutts.com
matwell@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6953
Facsimile:  (407) 425-8316

*Attorneys for Defendants*

---

[1]    Corrected to revise the title of the document to "Motion," instead of the previously filed "Memorandum."

Defendants PURPLE CIRCLES INC. and MATTHEW FURMAN (collectively, "Defendants") respectfully submit this brief in support of their Motion to Dismiss Plaintiff DonutNV Franchising, Inc.'s ("Plaintiff") Amended Complaint [Dkt. No. 16-1] (the "Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) and for Attorneys' Fees (the "Motion").

## I.    PRELIMINARY STATEMENT

Plaintiff filed this lawsuit alleging claims related to a franchise agreement between itself and Defendant Purple Circles Inc. and its principal [Dkt No. 16-2] (the "Franchise Agreement"), an addendum thereto [Dkt No. 16-2 at 2-5][2] (the "Addendum") and a purported "general release" [Dkt No. 16-2 at 6-7] (the "Release"). However, those claims never should have been brought in this Court because the Franchise Agreement contains a broad arbitration provision mandating arbitration for "any controversy or claim between the parties…" Franchise Agreement at 34.  In fact, this action was filed after Defendant Purple Circles Inc., initiated its claims against DonutNV Franchising, Inc. and its principals in an arbitration action with the American Arbitration Association, which arbitration is currently pending as AAA Case No. 01-26-0001-7533. Consequently, Plaintiff's claims for alleged breach of contract can be pursued in the already pending

---

[2]    References to page numbers of docket entries refer to the page of the .pdf file, which may not be the page numbering of the document submitted.

arbitration action as counterclaims.  Plaintiff is improperly attempting to sidestep the broad arbitration clause contained in contracts that Plaintiff itself drafted.

Because all of Plaintiff's claims arise out of and concern the franchise relationship between the parties, Defendants file this Motion and respectfully request the Court order arbitration of Plaintiff's claims and dismiss or, in the alternative, stay the instant lawsuit, as well as grant any other relief the Court deems equitable and just.

## II.     FACTUAL ALLEGATIONS

The relevant allegations contained in the Amended Complaint are simple. Plaintiff DonutNV Franchising, Inc. and Purple Circles Inc. are parties to a Franchise Agreement dated on or about December 23, 2022.  Amended Complaint at ¶ 13; Franchise Agreement at 5, 37.  On or about December 21, 2025, an Addendum to Franchise Agreement and Development Rights Rider was executed.  Amended Complaint at ¶ 21; Dkt No. 16-2 at 2-5.  On or around December 21, 2025, defendant Matthew Furman personally executed a purported Release.[3]  Amended Complaint at ¶ 21; Dkt No. 16-2 at 6-7.

The Amended Complaint contains four causes of action.  Count One for Declaratory Judgment seeks a declaration as to "the parties' rights and obligations

---

[3]     The purported release is not supported by consideration and is unenforceable. This is an issue which will be arbitrated in connection with the Arbitration.

under the Franchise Agreement, the Addendum, the General Release, the covenant-not-to-sue provisions, the advancement obligation, the individual-action requirement, class-waiver provisions, damages-limitation provisions, and related contractual provisions." Amended Complaint at ¶ 46. Counts Two and Three are for breaches of the General Release and Count Four is for breach of the Franchise Agreement. Id. at ¶¶ 49-63.

### III.   LEGAL STANDARD

Whether a case should proceed to arbitration "is a matter of contract and of consent." JPay, Inc. v. Kobel, 904 F.3d 923, 928 (11th Cir. 2018). "[A]rbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648-49 (1986). "Where the parties have agreed to arbitrate their dispute, the job of the court — indeed, the obligation — is to enforce that agreement." JPay, 904 F.3d at 929.

Agreements to arbitrate are enforced pursuant to the Federal Arbitration Act ("FAA"). See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001) ("[T]he FAA compels judicial enforcement of a wide range of written arbitration agreements."). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "The Eleventh Circuit treats a motion to compel

4

arbitration as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." Tracfone Wireless, Inc. v. Simply Wireless, Inc., 229 F. Supp. 3d 1284, 1292 (S.D. Fla. 2017) (citations omitted). In determining whether to compel arbitration under the FAA, courts consider: (1) whether there is a valid agreement to arbitrate between the parties, (2) whether the agreement covers the dispute, and (3) whether the right to arbitrate has been waived. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-84 (2002); Lane v. Gould & Lamb, LLC, No. 8:14-cv-3116-T-30AEP, 2015 WL 3609108, at *1 (M.D. Fla. Apr. 21, 2015). "The party resisting arbitration ultimately bears the burden of showing that the arbitration provision in question should not be enforced." Valdes v. SP Plus LLC, No. 8:26-cv-0093-SDM-SPF, 2026 U.S. Dist. LEXIS 60601, at *5 (M.D. Fla. Mar. 23, 2026) (citing Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91-92 (2000)). Any doubt related to arbitrability must "be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25.

## IV.    ARGUMENT

### A.    The Amended Complaint must be dismissed because a valid agreement to arbitrate exists.

The first prong of the analysis, whether a valid agreement to arbitrate exists, is undisputedly met. Not only does the Franchise Agreement contain an arbitration clause, the clause is broad and the issue of arbitrability is to be resolved by the arbitrator. Section 17.1(a) states:

5

Disputes Subject to Arbitration. Except as expressly provided in subsections (c) and (d), any controversy or claim between the parties (including any controversy or claim arising out of or relating to this Agreement or its formation, and including any question of arbitrability) shall be resolved by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, including the Optional Rules for Emergency Measures of Protection. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction.

Franchise Agreement at 34.

It is indisputable that there is a valid agreement to arbitrate and the Amended Complaint should be dismissed or the cases stayed pending arbitration.

**B.      The Amended Complaint must be dismissed because the arbitration clauses cover the dispute.**

The second prong, whether the agreement covers the dispute, is also easily satisfied.   Courts look to a plaintiff's complaint to determine if the allegations concern matters covered by an arbitration provision. See Gregory v. Electro-Mechanical Corp., 83 F.3d 382, 386 (11th Cir. 1996). In doing so, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." Volt Info. Scis. Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 476 (1989). The presumption of arbitrability can only be overcome if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Techs. Inc. v. Commc'ns Workers of Am., 475 U.S.

6

643, 650 (1986) (internal quotations and citations omitted). Doubts are resolved in favor of arbitration. Id.

The arbitration clauses state that "*any controversy or claim between the parties* (including any controversy or claim arising out of or relating to this Agreement or its formation, and including any question of arbitrability) shall be resolved by arbitration." Franchise Agreement at 34 (emphasis added). The language could not be any clearer as it covers *any claim or controversy* between the parties. Therefore, the Motion should be granted.

Additionally, the arbitration clause clearly and unambiguously states that questions of arbitrability are to be resolved by the arbitrator. The Supreme Court has consistently and unmistakably held that "a court may not decide an arbitrability question that the parties have delegated to an arbitrator." Schein, 586 U.S. at 69; Lamonaco v. Experian Info. Sols., Inc., 141 F.4th 1343, 1349 (11th Cir. 2025). Accordingly, the Court, at a minimum, should stay the case until the arbitrator determines the issue of arbitrability.

Moreover, each of the claims in the Amended Complaint arise out of, or are related to, the subject franchise agreements. Count One for Declaratory Judgment seeks a declaration as to "the parties' rights and obligations under the Franchise Agreement, the Addendum, the General Release, the covenant-not-to-sue provisions, the advancement obligation, the individual-action requirement, class-waiver

7

provisions, damages-limitation provisions, and related contractual provisions." Amended Complaint at ¶ 46. Counts Two and Three are for breaches of the Release and Count Four is for breach of the Franchise Agreement. Id. at ¶¶ 49-63.

Obviously, issues regarding the "Franchise Agreement" directly rise out of the agreement that contain the arbitration clause. The "Addendum" is an amendment to the Franchise Agreement. See Dkt. No. 16-2 at 2. The purported (unenforceable) Release was executed "in connection with [the] Addendum." Amended Complaint at ¶¶ 21-22. The remaining "provisions" are contained in the operative Franchise Agreement and Addendum. Accordingly, all claims arise out of or relate to the Franchise Agreement. Therefore, all of Plaintiffs' claims are subject to arbitration.

Likewise, the carve-outs to arbitration in Sections 17.1(c) and (d) do not apply to these proceedings. Subsection 17.1(c) states that "[e]ither party may apply to the arbitrator seeking injunctive relief until the arbitration award is rendered or the controversy is otherwise resolved. Either party also may, without waiving any remedy or right to arbitrate under this Agreement, seek from any court having jurisdiction any interim or provisional injunctive relief." Franchise Agreement at 34.

Moreover, it is preposterous that Plaintiff is arguing that this provision could be used to stay an arbitration. Amended Complaint at ¶ 15-16. That interpretation would render Section 17.1(a) pointless. A contract must be interpreted "in a manner that does not render any provision of the contract meaningless…." See Silver Shells

Corp. v. St. Maarten at Silver Shells Condo. Ass'n, Inc., 169 So. 3d 197, 203 (Fla. 1st DCA 2015).

"Where a complaint presents squarely arbitrable issues for adjudication, a party may not sidestep arbitration by selectively couching the underlying dispute in terms of . . . or declaratory judgment." See Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc., 203 F.R.D. 677, 689 (S.D. Fla. 2001), aff'd in part, 312 F.3d 1349 (11th Cir. 2002) (internal quotations omitted).  Courts have applied this framework in assessing arbitrability, noting that a party cannot transform an otherwise arbitrable dispute into a non-arbitrable one through "artful pleading."  Id. at 686. If the factual allegations of a dispute 'touch matters' covered by an arbitration agreement, those matters should be arbitrated 'whatever the legal labels attached to those allegations.' See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 622 n.9 (1985).

Moreover, "[t]he arbitration provision's carve-out for equitable relief does not affect this analysis."  WasteCare Corp. v. Harmony Enters., 822 F. App'x 892, 896 (11th Cir. 2020).  Even if Plaintiff's claims were "equitable ones, that 'confuses the question of who decides arbitrability with the separate question of who prevails on arbitrability.'"  Id. (quoting Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 71 (2019)).  "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the

9

contract." Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 71 (2019)). "Here, the parties expressly delegated the arbitrability issue to an arbitrator. Thus, the arbitrator must decide whether [Plaintiff] can litigate its claims in district court." WasteCare, 822 F. App'x at 896. Accordingly, this carve out does not apply to the instant case.

Subsection 17.1(d) states that "[e]ither party may bring a claim involving an alleged infringement of any of DonutNV Franchising's intellectual property rights in a court authorized to hear such claims under Section 17 .5 of this Agreement." Franchise Agreement at 34. As none of the claims in the Amended Complaint are claims for infringement, this section does not apply either.

The claims contained in the Amended Complaint arise out of or relate to the Franchise Agreement. Accordingly, the Motion to Dismiss should be granted.

**C.   The Amended Complaint must be dismissed because Defendants have not waived their right to arbitration.**

"The final element courts consider when deciding whether to compel arbitration under the FAA is whether the right to arbitrate has been waived." Valdes, 2026 U.S. Dist. LEXIS 60601, at *8. "Defendant[s have] not responded to Plaintiff's complaint or otherwise substantially participated in the litigation process other than to file [this] motion to compel arbitration. Under these circumstances, there is no waiver." Id. (citing Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1200 (11th Cir. 2011); Gale

10

Grp. v. Westinghouse Elec. Corp., 683 So. 2d 661, 663 (Fla. 5th DCA 1996)).

Finally, in the event the Court grants the Motion, Defendants should be awarded their reasonable attorney's fees.  Section 17.6 of the Franchise Agreement provides that "[i]n any legal proceeding (including arbitration) related to this Agreement or any guaranty, the non-prevailing party shall pay the prevailing party's attorney fees, costs and other expenses of the legal proceeding."  Franchise Agreement at 35.  This provision is broad and Defendants should be awarded their reasonable attorney's fees incurred defending this lawsuit that should never have been filed in the first place.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion in its entirety, order arbitration of Plaintiff's claims and dismiss or, in the alternative, stay the instant lawsuit, to award Defendants' reasonable attorneys' fees and costs and to grant such other relief the Court deems equitable and just.

WHEREFORE, Defendants respectfully request the Court to grant the Defendants' Motion to Dismiss in its entirety and to enter an order compelling arbitration of Plaintiff's claims, for an award of Defendants' reasonable attorneys' fees and costs and for such other relief the Court deems equitable and just.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Defendants' counsel, Thomas S. Cargill (undersigned) and Andrew P. Bleiman (application for pro hac vice admission to be

11

submitted), conferred on these matters with counsel for Plaintiff, Travis Tarpeh, via email exchange on July 18, 2026 and July 20, 2026, and the parties were unable to resolve this dispute, with counsel for Plaintiff advising that Plaintiff opposed the motion and the relief sought herein.

Dated:  July 24, 2026

/s/ Thomas S. Cargill
**THOMAS S. CARGILL, ESQ.**
Florida Bar No. 0061430
tcargill@shutts.com
matwell@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6953
Facsimile:  (407) 425-8316

*Attorneys for Defendants*

FTLDOCS 10479907 1

12